IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| BANK OF AMERICA, a national banking association,<br><br>              Plaintiff,<br>vs.<br><br>J. BRANDT ANDERSEN, an individual and KATHERINE ANDERSEN, an individual,<br>              Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No.  2:11CV400 DAK |

      This matter is before the court on Defendants' J. Brandt Andersen and Katherine Andersen (collectively, the "Andersens" or "Defendants") Motion to Dismiss.  A hearing on the motion was held on October 24, 2011.  At the hearing, Plaintiff Bank of America ("BOA") was represented by Sherilyn A. Olsen and Cory A. Talbot.  Defendants were represented by Alan C. Bradshaw.  Before the hearing, the court carefully considered the memoranda and other materials submitted by the parties.  Since taking the motions under advisement, the court has further considered the law and facts relating to the motions.  Now being fully advised, the court renders the following Memorandum Decision and Order.

      In 2006, the Andersens entered into a $2.47 million Construction Loan Agreement and Promissory Note with BOA to construct a home in Provo, Utah (the "Home Loan").   In November 2010, the Andersens defaulted on the Home Loan, and BOA commenced foreclosure proceedings by recording a Notice of Default.  With BOA's permission, the Andersens sold the property for $800,000 in January 2011.  The sale of the home closed in April 2011, and BOA

received $733,287.80 from the proceeds of the sale.  BOA then filed this action (the "Deficiency Litigation") to collect the deficiency of approximately $1.85 million.

The instant motion to dismiss is based on Defendants' contention that BOA has violated the rule against claim splitting.  Defendants claim that BOA has filed two lawsuits against Mr. Andersen arising out of the same set of facts and circumstances, namely the business and personal banking relationship between Mr. Andersen, BOA, and one of Mr. Andersen's businesses, uSight, LLC ("uSight").

Specifically, Defendants assert that, in the first lawsuit BOA filed against Mr. Andersen, which was filed in December 2010 and assigned to the Honorable Dee V. Benson, BOA alleged that Mr. Andersen and uSight were in default on their obligations to BOA because, *inter alia*, Mr. Andersen was in default on the Home Loan that he and his wife obtained from BOA to finance the construction of their personal residence.[1]

Similarly, Defendants claim, in the instant litigation, filed in May 2011, BOA alleges that the Andersens are in default under the Loan, and BOA hopes to collect from the Andersens an alleged deficiency.  According to Defendants, BOA seeks to litigate in both lawsuits whether there has been a deficiency under the Home Loan.  Defendants contend that, because the two lawsuits involve the same parties or their privies, and because they arise out of the same facts and circumstances, the doctrine against claim splitting prohibits BOA from litigating its alleged

---

[1]  *See Bank of America, N.A. v. uSight, LLC & J. Brandt Andersen*, United States District Court, District of Utah, Civil No. 2:10CV1182.  In the first lawsuit, ¶ 12 of the First Amended Complaint alleges: "In addition, Andersen is in default on his home mortgage loan with Bank of America.  A default on Andersen's home mortgage is also a default under Sections 8.2 and 8.3 of the Loan Agreement."

deficiency in a separate lawsuit. *Hartsel Springs Ranch of Colo, Inc. v. Bluegreen Corp.*, 296 F.3d 982, 986 (10th Cir. 2002); *Searle Bros. v. Searle*, 588 P.2d 689 (Utah 1978). As a result, they request that the court exercise its inherent powers to manage its docket and dismiss this later-filed lawsuit.[2]

Plaintiff BOA, however, disagrees with Defendants' characterization of the lawsuits and argues that the instant Deficiency Litigation bears little resemblance to the uSight Litigation. According to BOA, the uSight Litigation involves uSight's default on a $3 million commercial Line of Credit agreement and an Irrevocable Standby Letter of Credit, both of which were personally guaranteed by Mr. Andersen. BOA contends that the Andersens' default on their Home Loan is not at issue in the uSight Litigation, and therefore BOA has not improperly split its causes of action.

Further, BOA argues, Defendants cannot establish two of the elements required to bar a subsequent action under the doctrine of claim-splitting. First, BOA contends, the uSight Litigation does not involve the same parties (or their privies) as the Deficiency Litigation because the instant Deficiency Litigation includes Andersen's wife as a Defendant but she is not a Defendant in the uSight Litigation. Second, according to BOA, the claims in the Deficiency Litigation could not and should not have been raised in the uSight Litigation because these claims did not exist until after commencement of the uSight Litigation and because the two lawsuits do not have an "identity of claims." Rather, BOA argues, the lawsuits contain distinct

---

[2] Defendants also argue that because the documents evidencing the Loan entitle BOA to an award of attorney fees, the Court should award the Andersens their fees upon dismissing the case pursuant to Utah's reciprocal attorney fees statute. *See* Utah Code Ann. § 78B-5-826.

factual issues, including different parties, loans, security interests, events of default, damage calculations, allegations, causes of action, and relief sought.  The only factual or evidentiary similarity between the uSight Litigation and the Deficiency Litigation, according to BOA, are the counterclaims/defenses asserted in both pieces of litigation.   BOA contends, however, that whether the two lawsuits will involve similar defenses by Mr. Andersen is irrelevant to whether Bank of America has properly filed the Deficiency Litigation.  Therefore, BOA argues, the court should deny the Motion to Dismiss.

To succeed on their motion, the Andersens must prove the following elements of claim-preclusion under Utah law: (1) both cases must involve the same parties or their privies; (2) the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action; and (3) the first suit must have resulted in a final judgment on the merits. *See Macris & Assocs. v. Neways*, 16 P.3d 1214, 1219 (Utah 2000).   In a claim-splitting analysis, however, the court assumes the finality of the first suit. *See Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 987 n.1 (10th Cir. 2002).  Thus, the proper question is whether, assuming the first suit was already final, the second suit would be precluded under res judicata analysis.  *Id.*

For all the reasons stated in BOA's Memorandum in Opposition, the court finds that Defendants have not met the legal standard for claim-splitting, and thus, the court will not grant the motion to dismiss.   The court, however, encourages the parties to consider whether transferring this action to Judge Benson–pursuant to DUCivR 83-2(g)–would be appropriate.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Defendants' Motion to Dismiss is DENIED.

DATED this 22nd day of December, 2011.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge